Jesse Cowell, OSB # 082940
Chris Roy, OSB # 031777
R. Darrin Class, OSB # 970101
Roy Law Group
1000 SW Broadway, Suite 900
Portland, OR 97205
PH: 503.206.4313
jesse@roylawgroup.com
chris@roylawgroup.com
darrin@roylawgroup.com
Attorneys for Plaintiff, Shawn Jamison

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SHAWN JAMISON,<br><br>        Plaintiff,<br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>        Defendant. | Case No.<br><br>COMPLAINT FOR SHORT-TERM DISABILITY INSURANCE BENEFITS<br><br>(Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B)) |

COMES NOW Plaintiff, Shawn Jamison, with a complaint for short-term disability insurance benefits, and alleges against Defendant, Life Insurance Company of North America:

Page 1 – COMPLAINT OF PLAINTIFF SHAWN JAMISON

## I. CAUSE OF ACTION

1.1

This action is brought on behalf of Plaintiff, pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Plaintiff seeks to recover from Defendant all unpaid short-term disability ("STD") benefits, through the date of judgment, pursuant to the terms of a short-term disability policy ("STD Plan") provided by Jaguar Land Rover North America LLC ("JLR") pursuant to 29 U.S.C. § 1132(a)(1)(B). Plaintiff seeks this remedy, prejudgment and post-judgment interest, plus his costs and reasonable attorney fees pursuant to 29 U.S.C. § 1132(e)(1), (f), and (g).

## II. IDENTIFICATION OF PLAINTIFF

2.1

At all times material herein, Plaintiff was a resident of Multnomah County, Oregon.

2.2

JLR employed Plaintiff and offered the STD Plan to its employees pursuant to ERISA, 29 U.S.C. § 1002(1).

2.3

Plaintiff was a participant under the STD Plan.

/

/

/

## III. IDENTIFICATION OF DEFENDANT

### 3.1

At all times material herein, JLR was the sponsor and plan administrator of the STD Plan pursuant to ERISA, 29 U.S.C. § 1002(16)(B).

### 3.2

JLR delegated sole discretion to make disability determinations under the STD Plan to Defendant.

### 3.3

At all times material herein, Defendant was the claims administrator of the STD Plan, within the meaning of ERISA, 29 U.S.C. § 1002(16)(A).

### 3.4

The STD Plan was fully insured by Defendant, who is wholly responsible for any judgment Plaintiff may obtain through this action for STD benefits.

## IV. JURISDICTION AND VENUE

### 4.1

Jurisdiction is conferred on this court by ERISA, 29 U.S.C. § 1132(e)(1), (f), and (g), which gives the United States district courts jurisdiction to hear civil actions brought to recover plan benefits, as well as other declarative relief and attorney fees and costs.

### 4.2

Venue is proper in this district court pursuant to ERISA, 29 U.S.C. § 1132(e)(2), and pursuant to 28 U.S.C. § 1391 and LR 3-3(a).

## V. STANDARD OF REVIEW

5.1

Defendant's denial of Plaintiff's STD benefits is reviewed by this court *de novo*.

## VI. FACTS SUPPORTING CLAIM

6.1

On or about May 25, 2019, Plaintiff became disabled from his job as a Senior System Architect at JLR.

6.2

On July 22, 2019, Defendant awarded STD benefits to Plaintiff, commencing on June 3, 2019, following a benefit waiting period of 5 business days.

6.3

On December 23, 2019, Defendant issued a letter to Plaintiff, notifying him that his STD claim was closed and that benefits would not be paid beyond November 27, 2019 ("Initial Denial").

6.4

On January 31, 2020, Plaintiff submitted a timely first appeal to Defendant ("First Appeal").

6.5

On March 26, 2020, Defendant issued a letter to Plaintiff denying the First Appeal and upholding the Initial Denial ("First Appeal Denial"). In the First Appeal Denial, Defendant acknowledged that work restrictions were "supported for the

time period 1/2/20 until your next office visit in February 2020 pending updated medical," but alleged that "the medical information currently on file does not support restrictions for the period 11/27/19 through 1/1/20." Before issuing the First Appeal Denial, Defendant did not conduct an in-person examination of Plaintiff or have a qualified psychiatrist review the medical record.

6.6

On September 18, 2020, Plaintiff submitted a timely second appeal to Defendant ("Second Appeal"). Included within the Second Appeal were 8 exhibits, including: three declarations; three narrative letters from Plaintiff's treating physicians and psychiatric therapist, all affirming continued disability for the period 11/27/19 through 1/1/20; and additional medical records.

6.7

On December 21, 2020, Defendant issued a letter to Plaintiff denying the Second Appeal and upholding the Initial Denial ("Second Appeal Denial"). Once more, Defendant did not conduct an in-person examination of Plaintiff or have a qualified psychiatrist review the medical record at any time prior to issuing the Second Appeal Denial.

6.8

Plaintiff has complied with all contractual requirements of the STD Plan, including but not limited to administrative remedies exhaustion and the submission of sufficient medical proof of his disabling conditions.

/

6.9

Defendant wrongfully denied Plaintiff's claim for benefits.

6.10

The wrongful denial of Plaintiff's claim for STD benefits was and still is violation of ERISA, 29 U.S.C. § 1132(a)(1)(B).

6.11

As a direct and proximate result of Defendant's wrongful denial of Plaintiff's STD benefits, Plaintiff has been damaged in the amount of each unpaid monthly benefit payment from November 28, 2019 through the end of his STD benefits eligibility—or approximately May 4, 2020.

6.12

As a direct and proximate result of Defendant's wrongful denial of Plaintiff's STD benefits, Plaintiff has been damaged by the withholding of all other benefits to which he is entitled under the STD Plan, including, but not limited to, any additional treatment and therapy benefits.

6.13

As a direct and proximate result of Defendant's wrongful denial of STD benefits, Plaintiff is entitled to recover prejudgment interest, which is accruing on each unpaid monthly benefit payment from November 28, 2019 through the date of judgment.

/

/

6.14

As a direct and proximate result of Defendant's wrongful denial of STD benefits, Plaintiff has incurred attorney fees and costs that are recoverable pursuant to ERISA, 29 U.S.C. § 1132(g)(1).

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

A. For gross unpaid monthly STD benefit payments from November 28, 2019 through the end of his STD benefits eligibility, or approximately May 4, 2020, pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B);

B. For a declaration that Defendant breached its fiduciary duty to Plaintiff by wrongfully denying Plaintiff's STD claim, and estopping Defendant from continuing to deny Plaintiff's STD claim;

C. For Plaintiff's attorney fees and costs pursuant to ERISA, 29 U.S.C. § 1132(g)(1);

D. For prejudgment and post-judgment interest; and

E. For such further relief as the court deems just and equitable.

DATED this 11th day of January, 2021.

*s/ Jesse Cowell*
Jesse Cowell, OSB # 082940
Roy Law Group
1000 SW Broadway Suite 900
Portland, OR 97205
PH: 503.206.4313
FAX: 855.344.1726
jesse@roylawgroup.com